# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Haytham ElZayn,** *et al.***,**

    **Plaintiffs,**

v.

**Joseph Campbell,** *et al.***,**

    **Defendants.**

Case No. 2:20-cv-493
JUDGE SARAH D. MORRISON
Magistrate Judge Jolson

## OPINION & ORDER

This business dispute case is presently before the Court pursuant to the diversity statute, 28 U.S.C. § 1332(a). Diversity jurisdiction requires an amount in controversy in excess of $75,000 and "complete diversity, i.e., none of the defendants can be citizens of the same state as any of the plaintiffs." *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267–78, (1806), 28 U.S.C. § 1332(a). Here, Plaintiff Haytham ElZayn is an Ohio resident and one of the members of Defendant Allegiance Administrators, LLC is an Ohio citizen. Because the Court has an "unflagging duty to verify that it has jurisdiction over the case before it," the Court ordered the parties to brief the issue of whether this case should be dismissed for lack of jurisdiction. *Naji v. Lincoln*, 665 F. App'x 397, 399-400 (6th Cir. 2016) (citing *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)).

That briefing is now complete. After due review, the Court determines that complete diversity is lacking and that realignment would not cure the lack of complete diversity. Accordingly, dismissal without prejudice for lack of jurisdiction is required. An explanation of the Court's decision follows.

## I. BACKGROUND

Mr. ElZayn, an Ohio resident, is the owner and President of Plaintiff Dealer VSC, Ltd. Dealer VSC is an Ohio limited liability company. Defendant Tricor Automotive Group U.S., Inc. ("TAGUS") is an Indiana corporation. Defendant Joseph Campbell is TAGUS' President.

Dealer VSC merged with TAGUS in April 2018 to create Defendant Allegiance Administrators, an Ohio limited liability company focusing on vehicle service contracts. Dealer VSC and TAGUS are Allegiance's only members. Dealer VSC owns 45% of Allegiance and TAGUS owns 55%.

Mr. ElZayn and Allegiance executed an "Agreement for Purchase and Sale of Personal Goodwill" ("Goodwill Agreement") concurrent with the merger paperwork. Pursuant to the Goodwill Agreement, Mr. ElZayn is Allegiance's CEO. Defendant Brian Leslie, a Connecticut resident, is Allegiance's CFO.

The Goodwill Agreement called for Allegiance to purchase Mr. ElZayn's personal goodwill for $7,000,000 with the following contingency:

> The Purchase price is expressly contingent upon Allegiance Administrators producing, within the period beginning on the Effective Date and ending 12 months from the Effective Date, at least $3,000,000.00 in EBITDA . . . (the "Earnings Contingency"). In the event [Allegiance] does not satisfy the Earnings Contingency, then the Purchase Price will be reduced . . . up to a maximum $2,000,000.00. Within 90 days after failing to satisfy the Earnings Contingency, Mr. ElZayn will reimburse Allegiance Administrators the difference between the Purchase Price that he received on the Closing Date, and the reduced purchase price as determined under the preceding sentence. . . .

(ECF No. 1-3 at ¶ 4, "Section Four.") The Goodwill Agreement defined EBITA as:

> Allegiance's earnings before interest, taxes, depreciation, and amortization, and is calculated by starting with [Allegiance's] net profit before tax shown on [Allegiance's] income statement, and adding interest, depreciation and amortization expenses back in, as

2

        calculated by [Allegiance's] outside accountant using accounting
        principles consistently applied by Allegiance's outside accountant.

*Id*.

Defendants Campbell and Leslie initiated an EBITA analysis by Allegiance's outside accountant. That analysis yielded an EBITA under $3,000,000.00 and an October 2019 demand from Mr. Campbell that Mr. ElZayn pay $2,000,000.00 to Allegiance pursuant to Section Four of the Goodwill Agreement. Mr. ElZayn contested the demand, and this suit followed.

Mr. ElZayn and Dealer VSC assert various claims against Mr. Campbell, Mr. Leslie, TAGUS and Allegiance. Plaintiffs first seek a declaratory judgment under Ohio's Declaratory Judgment Act that: (1) all Defendants lack the authority to enforce Section Four and that they have no right to make a $2,000,000 demand; (2) all Defendants are required to pay Plaintiffs $2,000,000 in restitution; (3) Mr. Campbell and/or Mr. Leslie had an improper methodology used when the auditor computed the EBITA; and (4) only Mr. ElZayn is empowered to enforce Section Four. (ECF No. 1 at ¶ 40.) Plaintiffs' second count is for breach of contract against TAGUS for relying on the aforementioned improper EBITA methodology. *Id*. ¶¶ 41-46. Plaintiffs' third claim is for interference with contract against all Defendants. *Id*. ¶¶ 47-54. In count four, Plaintiffs assert all Defendants interfered with Plaintiffs' business relationship with Allegiance and TAGUS. *Id*. ¶¶ 55-61. Plaintiffs' count five claims that TAGUS, as Allegiance's primary member, breached unidentified fiduciary duties to them. *Id*. ¶¶ 62-67. The sixth and final count alleges that all Defendants, again including Allegiance, engaged in a civil conspiracy against Plaintiffs. *Id*. ¶¶ 68-72.

    **II.**     **ALLEGIANCE IS NOT A NOMINAL PARTY**.

Defendant Allegiance is a limited liability company. "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003,

3

1005 (6th Cir. 2009). Allegiance's members are Plaintiff VSC, an Ohio LLC, and Defendant TAGUS, an Indiana corporation. (ECF No. 1-2 at 1.) In turn, Mr. ElZayn is Dealer VSC's sole member. So, Defendant Allegiance is deemed to be both an Ohio and an Indiana citizen. Diversity is not present.

Plaintiffs maintain the burden of establishing that the requirements for diversity jurisdiction are satisfied. *Stanifer v. Brannan*, 564 F.3d 455, 459 n.1 (6th Cir. 2009). "In determining whether complete diversity exists, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy.'" *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)); *see also Clarkwestern Dietrich Bldg. Sys. LLC v. Certified Steel Stud Ass'n, Inc.*, No. 1:13-CV-818, 2013 WL 12121519, at *5 (S.D. Ohio Dec. 20, 2013) (citing *Navarro*, 446 U.S. 458, 461 (1980)). Plaintiffs therefore argue that Allegiance is a nominal party. (ECF No. 17.)

A nominal party "'is one who has no interest in the result of the suit and need not have been made a party thereto.'" *Premier Dealer Servs., Inc. v. Allegiance Administrators, LLC*, No. 2:18-CV-735, 2019 WL 1981864, at *4 (S.D. Ohio May 3, 2019) (quoting *Maiden*, 125 F. App'x at 3 (citing *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)); *see also Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D. Ohio 1989). Put another way, a nominal party is one who "'is not an indispensable party to the controversy.'" *State ex rel. Ackerman v. Hamilton Twp.*, No. 1:13-cv-80, 2013 U.S. Dist. LEXIS 94717, at *9 (S.D. Ohio July 8, 2013) (quoting *Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 190 (1924)); *see also Maiden*, 125 Fed.App'x. 1, 3 (6th Cir. 2004). "'There is no prescribed formula for determining whether a party is indispensable.'" *Ackerman*, 2013 U.S. Dist. LEXIS 94717, at *9 (quoting

*Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 765 (6th Cir. 1999)). "However, all parties who have an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest, or without leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience, are considered indispensable." *Ackerman*, 2013 U.S. Dist. LEXIS 94717, at *9 (citing *Niles-Bement-Pond Co. v. Iron Moulders Union*, 254 U.S. 77, 80 (1920)).

Plaintiffs direct the Court's attention to two cases in support of their proposition that Allegiance is a nominal defendant. The first is *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care*, 526 F. App'x 506, 507 (6th Cir. 2013), and the second is *DiBella v. Carpenter*, No. 2:10-cv-174, 2010 U.S. Dist. LEXIS 75323, at *1 (S.D. Ohio June 25, 2010). Neither warrant finding Allegiance is a nominal party.

*Mortenson* focused on the issue of ownership of Morheart Dental, LLC. One of Morheart's owners sued the other owner and named Morheart as a defendant. Diversity was lacking due to Morheart's citizenship. The district court denied remand, reasoning that Morheart was a nominal defendant. The Sixth Circuit affirmed because Morheart was not a party to the underlying operating agreement and the plaintiff asserted no claims against Morheart. *Mortenson*, 526 F. App'x at 508. Of note is the appeals' court's holding that Morheart "would be a real party in interest if, for example, it had a right to any of the money it had paid to" one of the parties. *Id*.

In *DiBella*, Defendant Engage Health LLC sold the majority of its assets. The issue was how the profits from that sale would be distributed among Engage's three owners. One shareholder sued the other and named Engage as a defendant. Because an amended complaint destroyed complete diversity, the Court considered whether Engage was a nominal defendant.

5

Judge Watson answered that query in the affirmative for two reasons. First, an underlying agreement did not "vest Engage, or what is left of it, with any real stake in the outcome of this case." *DiBella*, 2010 U.S. Dist. LEXIS 75323, at *7. Second, the Amended Complaint did not assert any claims against Engage. As such, "[n]othing in the requested relief would adjudicate any claim or affect any legal interest of Engage itself." Accordingly, Judge Watson concluded that Engage was a nominal defendant. *Id*. *8.

The facts of this case are clearly distinguishable from both *Mortenson* and *DiBella*. Here, Plaintiffs assert claims against Allegiance. This fact alone makes Allegiance a party having an interest in the case. But there is more. Allegiance is a party to both the Operating and the Goodwill Agreements, each of which form the basis of Plaintiffs' claims. In addition, Ohio Revised Code Chapter 2721, the Ohio Declaratory Judgment Act, allows courts to declare the rights, status, and other legal relations of parties, and provides that such declarations have the effect of a final judgment or decree. O.R.C. § 2721.02(A). "[A]ll persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." § 2721.12(A) (emphasis added.) Moreover, Plaintiffs seek $2,000,000 in restitution from all Defendants, including Allegiance. (ECF No. 1 at ¶ 40.) This means that Allegiance stands to be the beneficiary of any payment that ElZayn may owe or the payor of any money Allegiance may owe him under the relevant agreements. *See Fisher v. Dakota Cmty. Bank*, 405 F. Supp. 2d 1089, 1097 (D.N.D. 2005) (holding the fact that defendant's own funds are risk means it has a substantial interest in the outcome, making it a real party in interest and not a nominal or formal party). Allegiance's participation in the suit is therefore required as it would be bound by any declaratory judgment that may enter. For these reasons, the Court concludes

that *Mortenson* and *DiBella* are not instructive in this instance and that Allegiance is a necessary party to this case.

### III. REALIGNMENT WOULD NOT YIELD DIVERSITY JURISDICTION.

The analysis does not stop there, as Plaintiffs alternatively urge the Court to realign Allegiance as a Plaintiff. Defendants contend "Allegiance's citizenship would defeat diversity regardless of whether it is considered a plaintiff or a defendant in this matter." (ECF No. 17 at 5 n.1.)

Defendants are correct. Diversity jurisdiction requires that no defendant share citizenship with any of the plaintiffs. *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). One of Allegiance's members, Defendant TAGUS, is an Indiana corporation. Consequently, Allegiance is also considered a citizen of Indiana. So, even if Allegiance was realigned as a plaintiff, complete diversity would not be present. The Court therefore declines to engage in the realignment analysis.

### IV. CONCLUSION

Pursuant to the above discussion, Allegiance is not a nominal defendant and the realignment analysis is unnecessary because realignment would not establish complete diversity. This case is *sua sponte* dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**